### ARCHIBALD BABCOCK *vs.* GODFREY B. ALBEE.

A landlord gave a tenant of a store three months' notice to quit, and at the end of three months, upon the tenant's saying that it would be a great accommodation to him to remain in the store a while longer, so that he might sell off his old goods, without removing them, the landlord told him he might remain in the store a while longer: After the tenant had remained in the store sixteen days, the landlord brought an action against him, on the Rev. Sts. *c.* 104, to obtain possession. *Held,* that if the parties agreed that the tenant should occupy the store for a short though indefinite period, after the time limited in the notice, with a view to the convenience of the tenant, such agreement was not a waiver of the notice and a renewal of the tenancy, and that the landlord might maintain the action, without giving the tenant any further notice to quit.

THIS was an action, commenced April 16th 1845, upon the Rev. Sts. *c.* 104, to obtain possession of a store in Charlestown.

At the trial in the court of common pleas, before *Cushing*, J. on appeal from a justice of the peace, the plaintiff gave evidence that the defendant had occupied the store for about three years, and that, on the 31st of December 1844, the plaintiff, for the purpose of determining the tenancy, gave a written notice to the defendant to vacate the store in three months.

The defendant then gave evidence, that the plaintiff called upon him, on the 31st of March 1845, and asked him if he was ready to move out ; that the defendant said he did not know as he was ; that the plaintiff asked him if it would be any accommodation to him to remain a while longer ; that the defendant told him it would be a very great accommodation, as he should like to sell off his old goods, and not move them to another store ; and that the plaintiff then said the defendant might remain in the store a while longer.

The judge instructed the jury, that if, after notice had been given to the defendant to quit, the parties agreed simply for a further occupation of the store, without limiting the time of such occupation, this agreement would amount to a waiver of the notice and a renewal of the tenancy. But if the parties agreed that the defendant should occupy for a short though indefinite period, after the expiration of the time limited in the notice, with a view to the convenience of the defendant merely, such agreement would not amount to a waiver of the notice and a renewal of the tenancy.

The jury returned a verdict for the plaintiff, and the defendant alleged exceptions to the judge's instructions.

*Willey*, for the defendant.

*J. Dana*, for the plaintiff.

SHAW, C. J. The court are of opinion that the instructions to the jury were right. The effect of the permission of the plaintiff to the defendant, to remain a while longer, till he could sell off his goods, made the defendant either a tenant at sufferance, or it was a demise for a term, understood by the parties to be fixed by the purpose to be accomplished ; in either of which cases, the defendant was not entitled to any new notice. *Exceptions overruled.*